IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Manager of FSLIC RESOLUTION FUND, in its Corporate Capacity, | § § § § § | |
| Plaintiff, | § § | Civil Action No. 3:91-CV-1649-D |
| VS. | § § | |
| TODD & HUGHES CONSTRUCTION CORPORATION, et al., | § § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

In this post-judgment collection matter, Sobranes Recovery Pool I, LLC ("Sobranes"), the assignee and successor in interest to a judgment obtained by the Federal Deposit Insurance Corporation ("FDIC"), seeks application of the statute of limitations prescribed by the Federal Debt Collection Practices Act, 28 U.S.C. §§ 3001-3308 ("FDCPA")[1], rather than Texas law.  The magistrate judge recommends, *inter alia*, that all post-judgment relief that Sobranes seeks be denied because the judgment is dormant under Texas law.  After making an independent review of the pleadings, files, and records in this case and the September 30, 2005

---

[1] Prior opinions of this and other courts have used the abbreviation "FDCPA" to refer to the *Fair* Debt Collection Practices Act, 15 U.S.C. §§ 1692-16920 *et seq.*, rather than, as here, the *Federal* Debt Collection Practices Act.  *See, e.g., Sibley v. Diversified Collections Servs.*, 1997 U.S. Dist. LEXIS 23583, at *6 (N.D. Tex. June 10, 1997) (Fitzwater, J.).  This case involves the *Federal* Debt Collection Practices Act, and references to "FDCPA" are to that act.

conclusions and recommendation of the magistrate judge, the court concludes that Sobranes has failed to demonstrate that it is entitled to invoke rights and benefits under the FDCPA. The court therefore adopts the magistrate judge's recommendation that Sobranes's motion for declaratory judgment, appointment of a receiver, or an accounting be denied, although it does so for somewhat different reasons than those explained by the magistrate judge.[2] The court also adopts the recommendation that respondents' motion to dismiss be denied.

I

In 1984 defendant Todd & Hughes Construction Company ("Todd & Hughes") executed a note for $10.3 million in favor of Western Saving Association. Immaterial to the disposition of the instant motions, the note was transferred to various banks and re-executed, and its maturation date extended. The Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed receiver of the bank that held the note in 1988. Congress subsequently enacted the Financial Institution Reform, Recovery, and Enforcement Act of 1989

---

[2]This decision is captioned as a memorandum opinion because, under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, it "sets forth a reasoned explanation for [the] court's decision." Because the court is addressing the magistrate judge's conclusions and recommendation, however, it is not setting out in detail the background facts and procedural history of this case, as it would normally do when filing a memorandum opinion.

- 2 -

("FIRREA"),³ abolishing FSLIC and appointing the FDIC as manager. In 1992 the FDIC obtained a judgment on the note in this court against defendants Todd & Hughes and James Randall Hughes ("Hughes"), among others.⁴ Sobranes is the assignee and successor in interest to that judgment.⁵

On July 1, 2005 Sobranes filed the instant motion for a declaratory judgment, appointment of a receiver, or an accounting, seeking, *inter alia*, appointment of a receiver to the successor entities of Todd & Hughes: Todd & Hughes Building, Inc. ("THBI") and H. Hughes Properties, Inc. ("HHPI").  The motion was one of several referred to the magistrate judge for a report and recommendation as a component of somewhat extensive post-judgment collection proceedings.  The successor entities are owned at least in part by Melanie Hughes ("Mrs. Hughes"), Hughes's wife, after the Hugheses entered a partition agreement.  Mrs. Hughes, THBI, and HHPI (collectively, "respondents"), who are non-parties to the underlying judgment, moved to dismiss Sobranes's motion and, "subject thereto," responded to it, arguing, *inter alia*, that the judgment is dormant under Texas law.  They contended that Texas law

---

³Pub. L. No. 101-73, 103 Stat. 183 (codified in scattered sections of 12 U.S.C.).

⁴The conclusions and recommendation erroneously identify CeeAnn Boland as a defendant.  Conclusions & Recommendation 3.

⁵According to the docket, the FDIC originally assigned the Judgment to RecoverEdge, L.P. on June 26, 1998.  Sobranes filed a notice that it had been assigned the Judgment on January 31, 2005.

requires that a writ of execution be issued within ten years after the court renders judgment, and no such writ issued in this matter. Sobranes responded, contending that the FDCPA rather than Texas law applied to the judgment obtained by the FDIC, and therefore Sobranes had an indefinite period of time to enforce it.

The magistrate judge filed his conclusions and recommendation on September 30, 2005. He recommends denying the motion to dismiss on the basis that respondents failed to make clear the procedural basis for their motion. He also recommends denying Sobranes's motion for a declaratory judgment, appointment of a receiver, or an accounting. He concludes that the judgment the FDIC obtained does not constitute a "debt" within the meaning of the FDCPA, 28 U.S.C. § 3002(3) because the original loan was between private parties. Accordingly, he concludes that state law applies under Fed. R. Civ. P. 69 in the absence of governing federal law, that the judgment is dormant, and that Sobranes's motion should be denied.

Shortly after the magistrate judge filed the conclusions and and recommendation, defendant Hughes filed for Chapter 7 bankruptcy, triggering the automatic stay. On March 31, 2006 the bankruptcy court modified the automatic stay to allow this court to consider Sobranes's objections to the magistrate judge's conclusions and recommendation. Briefing was concluded on the objections on June 5, 2006.

Sobranes contends the FDCPA applies to the judgment and that the magistrate judge failed to consider the entire record. Movants maintain that the judgment is dormant. This court reviews *de novo* the magistrate judge's conclusions and recommendation on dispositive motions of the type at issue here. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); *Parks v. Collins*, 761 F.2d 1101, 1104 (5th Cir. 1985).

II

As a preliminary matter, neither Sobranes nor respondents object to the recommendation to deny respondents' motion to dismiss. Having reviewed the magistrate judge's conclusions and recommendation with respect to that motion, the court holds that it is correct. The court adopts the recommendation and denies respondents' motion to dismiss.

III

The court turns to Sobranes's objections to the magistrate judge's recommendation that its motion for a declaratory judgment, appointment of a receiver, or an accounting be denied. Sobranes raises two principal objections: (1) the magistrate judge incorrectly concluded that the judgment is dormant, and (2) the magistrate judge failed to consider the entire record.

A

Sobranes maintains that it is an error of law to exclude from review a validly filed responsive pleading in support of a motion

when determining that motion.  It points out that in his conclusions and recommendation, the magistrate judge does not state whether he considered Sobranes's responsive pleading, although he "took the time to specifically list all of the filed documents." P. Br. 18-19.  Sobranes requests that the court review *de novo* the entire case file, including the pleading that the magistrate judge omitted from the recitation of the list of pleadings set out in the conclusions and recommendation.  *Id.* at 19.

Sobranes has failed to identify the legal grounds on which it is objecting.  *See AMS Staff Leasing, NA, Ltd. v. Assoc. Contract Truckmen, Inc.*, 2005 WL 3148284, at *2 n.6 (N.D. Tex. Nov. 21, 2005) (Fitzwater, J.) ("Objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.") (brackets and internal quotation marks omitted) (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1421 n.6 (5th Cir. 1996)).  N.D. Tex. Civ. R. 7.1 does not provide that it is error to exclude from review a validly filed responsive pleading in support of a motion when determining that motion.  Rather, the Rule set outs requirements on parties for motion practice in this district.

Moreover, Sobranes points to no evidence that the magistrate judge in fact did not consider the pleading.  *See* P. Reply Br. 8 n.8 ("It is impossible to know from the text of the [conclusions and recommendation] if [the magistrate judge] actually considered

the entire chain of documents compromising the disputed motions . . . ."). For instance, it does not point to any arguments contained in the allegedly omitted brief that the magistrate judge did not consider or address. Sobranes also does not suggest that it was prejudiced by the magistrate judge's supposed failure to consider the pleading. Indeed, it states that "[t]he issue of the alleged dormancy of the Judgment in this matter has been briefed *ad nauseam* in this proceeding." P. Br. 15 n.7.

The court overrules this objection because Sobranes has not identified any errors of law or fact. It also declines Sobranes's invitation to "review de novo the entire case file,"[6] and, according to its usual procedure, it will review the objections filed to the conclusions and recommendation and the relevant documents.

B

The court next turns to Sobranes's objection to the magistrate judge's conclusion that the judgment is dormant. If the judgment is dormant, Sobranes does not dispute that its motion for a declaratory judgment, appointment of a receiver, or an accounting is moot. The parties also agree that the judgment is dormant if Texas law applies, and it is not dormant if the FDCPA controls. Although the court declines to adopt wholesale the magistrate

---

[6]The case was initially filed in 1991 and contains approximately 162 docket entries.

- 7 -

judge's reasoning, it holds that he correctly concluded that the FDCPA is unavailable to Sobranes in these circumstances of this case.

Rule 69(a) provides the procedure for executing on a judgment in the absence of governing federal law.

> The procedure on execution, in proceedings supplementary to and in aid of a judgment, and in proceedings on and in aid of execution shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, except that any statute of the United States governs to the extent that it is applicable.

The FDCPA provides, in relevant part, that, "[e]xcept as provided in subsection (b), the chapter provides the exclusive civil procedures for *the United States*——(1) to recover a judgment on a debt; or (2) to obtain, before judgment on a claim for a debt, a remedy in connection with such claim."  28 U.S.C. § 3001(a) (emphasis added).

Sobranes has not identified (and the court has not located) any instance where a private party such as Sobranes, as assignee or otherwise, has been held to be entitled to recover judgment on a debt, or otherwise to assert rights or benefits under the FDCPA. The cases all appear to provide that the United States is the proper party to invoke the benefits of the FDPCA, even where the United States was not entitled to recover the debt. *See, e.g., FTC v. Nat'l Bus. Consultants, Inc.*, 376 F.3d 317, 319 n.2 (5th Cir.

2004) (agreeing that FDCPA applies where unpaid judgment owed to FTC constituted debt to United States); *United States v. Bongiorno*, 106 F.3d 1027, 1035-40 (1st Cir. 1997) (holding that federal government lacked authority to use FDCPA as instrument for enforcing restitution order issued in connection with antecedent criminal conviction); *NLRB v. E.D.P. Med. Computer Sys., Inc.*, 6 F.3d 951, 954-55 (2d Cir. 1993) (affirming prejudgment writ of garnishment sought by National Labor Relations Board pursuant to FDCPA).[7]

Sobranes asserts that assignees of the United States benefit from "the applicable federal statute of limitations." P. Br. 15. The cases Sobranes cites, however, consider application of the statute of limitations under FIRREA, not the FDCPA, to instances where the United States assigned its interest in a debt or judgment to a private entity. *Id.* at 15-16 (citing *FDIC v. Bledsoe*, 989 F.2d 805, 810-11 (5th Cir. 1993) (extending FIRREA to assignees); *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 567 (Tex. 2001) (same); *Jackson v. Thweatt*, 883 S.W.2d 171, 178 (Tex. 1994) (same)); *see also* P. Reply Br. 5 (citing *United States v. Thornburg*, 82 F.3d 886, 890 (9th Cir. 1996) (same)), & 7 (citing

---

[7]*See also SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75-76 (5th Cir. 1993) (per curiam) (holding disgorgement order resulting from consent decree does not constitute debt within meaning of FDCPA); *SEC v. Huffman,* 996 F.2d 800, 802-03 (5th Cir. 1993) (holding disgorgement order does not constitute debt within meaning of FDCPA).

*Tivoli Ventures, Inc. v. Buman*, 870 P.2d 1244, 1247 (Colo. 1994) (en banc) (same)).[8]  Sobranes does not argue that the FDCPA should be extended to benefit assignees of the United States, as has FIRREA.  It simply posits that it is entitled to invoke the FDCPA as assignee.

Finally, Sobranes points to *FTC,* 376 F.3d at 319-20, in which a portion of the relief the FTC sought under the FDCPA inured to the benefit of private individuals.  P. Br. 12.  In that decision, the FTC was not only "the formal owner of the judgment" but also the party seeking to rely on the FDCPA.  *See FTC*, 376 F.3d at 320 & n.2 (noting that "[t]he FTC is considered the United States for purposes of the FDCPA") (citing 28 U.S.C. § 3002(15)(b)).  Here, by contrast, a private party is seeking to rely on the FDCPA to enforce a judgment.  The Fifth Circuit did not hold in *FTC* that an entity other than the United States can rely on the FDCPA.

In sum, Sobranes has failed to demonstrate that the FDCPA has ever been applied in circumstances like those presented here, where a private party assignee seeks the benefits of a statute that explicitly provides the exclusive civil procedures for the United States to recover a judgment on a debt.  *See* 28 U.S.C.

---

[8]*See also* P. Br. 7 n.6 (citing *UMLIC VP LLC v. Matthias*, 364 F.3d 125, 129, 133 (3d Cir. 2004) (concluding "federal common law" applied to loan assigned to private entity by United States))

§ 3001(a)(1).[9] The court therefore adopts the magistrate judge's recommendation to deny Sobranes's motion for a declaratory judgment, appointment of a receiver, or an accounting on the limited ground that Sobranes has failed to demonstrate that it is a proper party to invoke the FDCPA and that it therefore cannot rely on the FDCPA to establish that the judgment is not dormant under Texas law.

\*   \*   \*

For the reasons set out, the court adopts the results of the magistrate judge's September 30, 2005 conclusions and recommendation and denies respondents' motion to dismiss and denies

---

[9]The court does not hold that a private litigant can *never* rely on the FDCPA in other circumstances unlike those presented here. But the court need not decide any questions that are broader than the issue presented by the parties' briefing. It thus concludes that Sobranes has not identified authority or provided persuasive argument that, as an assignee of the judgment, it is entitled to rely on the FDCPA's enforcement provisions. Moreover, because Sobranes has failed to demonstrate that it may invoke the FDCPA, the court declines to reach Sobranes's contentions that the judgment constitutes a "debt" within the meaning of the FDCPA based on its plain language, legislative history, or public policy grounds.

Sobranes's motion for a declaratory judgment, appointment of a receiver, or an accounting.

**SO ORDERED.**

July 27, 2006.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE